Angel L. SANTOS, Appellant

v.

Clyde GAINEY.

No. 09–4578.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 March 4, 2010.

Opinion Filed: March 24, 2010.

Angel Luis Santos, Lewisburg, PA, pro se.

Kelly S. Diffily, Esq., Genelle Franklin, City of Philadelphia Law Department, Philadelphia, PA, for Clyde Gainey.

Before: BARRY, FISHER and STAPLETON, Circuit Judges.

OPINION

PER CURIAM.

On July 30, 2009, appellant Angel L. Santos, a federal prisoner, filed a motion to proceed *in forma pauperis*, 28 U.S.C. § 1915, and a civil rights complaint, 42 U.S.C. § 1983, in United States District Court for the Eastern District of Pennsylvania.[1] Santos alleged in his complaint that Warden Clyde Gainey of the Curran Fromhold Correctional Facility, where he then was detained, violated his civil rights when, as a result of improper security at the prison, correctional officers failed to protect him from two assaults by other inmates. Santos alleged in his complaint that the assaults occurred on May 26, 2007 and June 29, 2007. *See* Complaint, at ¶ V, pp. 4–4B. Santos sought money damages in the amount of $30,000.00. The complaint was dated June 23, 2009, as was the *in forma pauperis* application.

Warden Gainey moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that it was time-barred under the applicable two-year

---

1. The motion to proceed *in forma pauperis* was granted.

statute of limitations, 42 Pa. Cons.Stat. Ann. § 5524. Santos's causes of action accrued on the dates of the assaults, and he did not file his complaint until July 30, 2009, a month beyond the deadline for the June assault and two months beyond the deadline for the May assault. Moreover, he did not allege any facts which would justify tolling the limitation period.

Santos filed a response in opposition to the motion to dismiss, and he also requested that he be allowed to amend his complaint. In pertinent part, Santos asserted that the filing of his complaint was "hindered" by two processes beyond his control: the need pursuant to his *in forma pauperis* application to have a prison official certify the amount of money in his inmate account at FCI–Allenwood, and the need to have a counselor approve postage for an indigent inmate. *See* Docket Entry No. 12, at p. 2. Without addressing Santos's tolling argument, the District Court, in an order entered on November 3, 2009, granted the Warden's motion to dismiss and denied the request to amend the complaint.

Santos has appealed. Our Clerk granted him leave to appeal *in forma pauperis* and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. "[W]hen ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). We exercise plenary review over the District Court's grant of a motion to dismiss. *See City of Pittsburgh v. West Penn Power Co.,* 147 F.3d 256, 262 n. 12 (3d Cir.1998).

The District Court properly determined that Santos's causes of action accrued on the actual dates of the alleged assaults, and properly applied the governing law in concluding that the actions were barred by the two-year statutes of limitation applicable to torts in Pennsylvania. *See* 42 Pa. Cons.Stat. Ann. § 5524(2), (7). *See also Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (state statute of limitation applies to actions under 42 U.S.C. § 1983). Ordinarily we would remand in order for the District Court to address Santos's tolling argument in the first instance, but, because it plainly lacks merit, we will not do so here. Insofar as Santos without question was aware of his alleged injury on each occasion, and was under no disability of any kind at any time during the relevant time period, he is not aided in avoiding the time-bar by Pennsylvania's discovery rule, *see Fine v. Checcio,* 582 Pa. 253, 870 A.2d 850, 859 (2005) (discovery rule provides that where existence of injury is not known, limitation period does not begin to run until injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct).

Federal equitable tolling, which we assume arguendo might apply, *see Kach v. Hose,* 589 F.3d 626, 639 (3d Cir.2009) ("Where state tolling principles contradict federal law or policy, federal tolling principles may apply in certain limited circumstances."), also does not help Santos avoid the time-bar. Equitable tolling is appropriate where: (1) a defendant actively mis-

leads a plaintiff with respect to his cause of action; (2) the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *See Lake v. Arnold,* 232 F.3d 360, 370 n. 9 (3d Cir.2000).

Both Santos's complaint and his *in forma pauperis* application were dated June 23, 2007, which raises the question whether tolling would have saved the cause of action relating to the June 29, 2007 assault. Santos contends that the six days he left for prison authorities to complete the paperwork associated with an indigent prisoner's *in forma pauperis* application—in his case, certifying that he had $0.06 in his prison account, authorizing free postage, and mailing the complaint in time for it to reach the federal district court by the June 29, 2007 deadline—was sufficient.[2] Only if the plaintiff is prevented from asserting his claims in some extraordinary way is tolling permitted. Santos did not explain why he waited almost two years before initiating the process at the prison for completing the *in forma pauperis* application, and we therefore conclude that he did not exercise the required diligence in pursuing his claim.

There might be some circumstances in which the policies underlying Congress's intent to make the federal courts available to indigent prisoners would warrant tolling where a prisoner takes all the necessary steps in a timely manner to perfect his *in forma pauperis* application, and through unreasonable delay by prison authorities in completing the prison's part of the paperwork, the prisoner's civil rights complaint is not timely filed. But see *Kach,* 589 F.3d at 643 (questioning whether Pennsylvania tolling law conflicts with remedial purposes of § 1983 actions). But courts should ex-

tend federal tolling only sparingly, *see id.* at 645 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)), and the circumstances of Santos's having waited almost two years to complete his part of the *in forma pauperis* application does not persuade us that federal equitable tolling should apply to him.

For the foregoing reasons, we will summarily affirm the order of the District Court granting the defendant's motion and dismissing the complaint under Rule 12(b)(6).

2. The account certification was signed by an FCI–Allenwood official on June 29, 2009.